# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA



# CRIMINAL COVER SHEET

F I L E D

FEB 08 2024

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



**Instructions:** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted along with the Defendant Information Form, for each new criminal case.*

| | |
|---|---|
| CASE NAME:<br>USA v.  GEORGE ABOAGYE, ET AL. | CASE NUMBER:<br>CR  CR 24 0081 |

| | | | |
|---|---|---|---|
| Is This Case Under Seal? | Yes ✓ | No | |
| Total Number of Defendants: | 1 | 2-7 ✓ | 8 or more |
| Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326? | Yes | No ✓ | |
| Venue (Per Crim. L.R. 18-1): | SF ✓ | OAK | SJ |
| Is this a potential high-cost case? | Yes | No ✓ | |
| Is any defendant charged with a death-penalty-eligible crime? | Yes | No ✓ | |
| Is this a RICO Act gang case? | Yes | No ✓ | |

Assigned AUSA
(Lead Attorney):  S.WAQAR HASIB & KEVIN YEH   **Date Submitted:**  2-8-2024

Comments:

RESET FORM     SAVE PDF

Form CAND-CRIM-COVER (Rev. 11/16)

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

───── OFFENSE CHARGED ─────

18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Maximum term of imprisonment: 20 years
Maximum fine: $250,000
Maximum term of supervised release: 3 years
Special assessment of $100 per felony count
Forfeiture

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

───── DEFENDANT - U.S ─────

▶ George Abogye, a/k/a George Clarke, etc.

DISTRICT COURT NUMBER

### CR 24 0081   RFL

───── PROCEEDING ─────

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form    Ismail J. Ramsey

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    S. Waqar Hasib, Kevin Yeh

───── DEFENDANT ─────

IS *NOT* IN CUSTODY

Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges

   If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed

DATE OF ARREST          Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED        Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

FILED

FEB 08 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

───── ADDITIONAL INFORMATION OR COMMENTS ─────

PROCESS:

☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                          Before Judge:

Comments:

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Maximum term of imprisonment: 20 years
Maximum fine: $250,000
Maximum term of supervised release: 3 years
Special assessment of $100 per felony count
Forfeiture

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▶ Dennis Jordan, a/k/a Dennis Dejordan, etc.

DISTRICT COURT NUMBER

CR 24 0081 RFL

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    Ismail J. Ramsey

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    S. Waqar Hasib, Kevin Yeh

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

FILED
FEB 08 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction          } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   If "Yes"
been filed?   ☐ No    give date filed
Month/Day/Year

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶  Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: No bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:             Before Judge:

Comments:

AO 257 (Rev. 6/78)

SEALED BY ORDER
OF THE COURT

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:  Maximum term of imprisonment: 20 years
Maximum fine: $250,000
Maximum term of supervised release: 3 years
Special assessment of $100 per felony count
Forfeiture

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED

**DEFENDANT - U.S**

FEB 08 2024

▶ Emmanuel Princely Awuah

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER

CR 24 0081   RFL

**DEFENDANT**

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form _____ Ismail J. Ramsey

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     S. Waqar Hasib, Kevin Yeh

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Federal   ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes   If "Yes"
been filed?  ☐ No    give date filed _____

DATE OF ▶ _____ Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ _____ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT     Bail Amount: No bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

_____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

# United States District Court

## FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

F I L E D

FEB 08 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

GEORGE ABOAGYE, a/k/a GEORGE CLARKE, a/k/a
SAMUEL DUNNUCK, a/k/a JORDAN FRAZIER, a/k/a
PETER BROWN; DENNIS JORDAN, a/k/a GEORGE
SIKA OBENG, a/k/a DENNIS DEJORDAN, a/k/a MIKE
TAY, a/k/a JAMES ADERA; and EMMANUEL AWUAH,
a/k/a EMMANUEL MCHIGHLEVELS, a/k/a GANI
BAAKO, a/k/a GEORGE CLARKE,

DEFENDANT(S).

CR 24 0081

RFL

## INDICTMENT

A true bill.

*/s/ Foreperson of the Grand Jury*

Foreman

Filed in open court this 8th day of

February 2024.

Clerk

Bail, $ No Bail Warrant
2/8/24

Kandis A. Westmore

1 | ISMAIL J. RAMSEY (CABN 189820)
2 | United States Attorney

FILED

FEB 08 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>GEORGE ABOAGYE,<br>    a/k/a GEORGE CLARKE,<br>    a/k/a SAMUEL DUNNUCK,<br>    a/k/a JORDAN FRAZIER,<br>    a/k/a PETER BROWN;<br>DENNIS JORDAN,<br>    a/k/a GEORGE SIKA OBENG,<br>    a/k/a DENNIS DEJORDAN,<br>    a/k/a MIKE TAY,<br>    a/k/a JAMES ADERA; and<br>EMMANUEL AWUAH,<br>    a/k/a EMMANUEL MCHIGHLEVELS,<br>    a/k/a GANI BAAKO,<br>    a/k/a GEORGE CLARKE,<br><br>        Defendants. | CASE NO.    CR 24 0081<br><br><u>VIOLATIONS</u>:<br><br>18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;<br>18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation<br><br>SAN FRANCISCO VENUE |

I N D I C T M E N T

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

    1.    George ABOAGYE resided primarily in the state of Georgia.

INDICTMENT

2.      Dennis JORDAN resided primarily in the state of Texas.

3.      Emmanuel AWUAH resided primarily in the state of Massachusetts. AWUAH is also legally known by the name Emmanuel Princely McHighlevels.

4.      The defendants used multiple fake and stolen identities to engage in various fraudulent schemes, including the business email compromises and romance scams described below. For example, ABOAGYE used multiple other identities, including, but not limited to, George Clarke, Samuel Dunnuck, Jordan Frazier, Peter Brown, and others. JORDAN used multiple other identities, including, but not limited to, George Sika Obeng, Dennis DeJordan, Mike Tay, James Adera, and others. AWUAH used multiple other identities, including, but not limited to, Gani Baako and others.

5.      Some of these fake and stolen identities were circulated and shared by multiple defendants and by other unindicted co-conspirators known and unknown to the grand jury. For example, the fake identity George Clarke was used at various times by both ABOAGYE and AWUAH.

6.      Clark Cooling and Heating Services Inc., FedComp Services Inc., Kings Cooling and Heating Services LLC, Joe Cooling and Heating Doctor LLC, and Leading Edge Plumbing were all companies used by the defendants and other unindicted co-conspirators, known and unknown to the grand jury, to carry out and collect proceeds from various fraudulent schemes. These schemes included the business e-mail compromises and romance scams described below.

## Business E-Mail Compromises

7.      A business e-mail compromise is a form of fraud in which the email system of a business is unlawfully accessed to establish fraudulent communications that induce the victim business to wire money to unauthorized individuals. The fraud typically involves perpetrators compromising a legitimate email address at the victim business through social engineering or computer intrusion. Once the legitimate email address is compromised, the perpetrators will often deploy a malicious code or manually apply a rule to the compromised email address inbox, surreptitiously forwarding any emails containing keywords such as "invoice" or "payment" to anonymous email accounts controlled by the perpetrators.

8.      The perpetrators then use these forwarded emails to set up "spoof" or fake email addresses that appear to be associated with one of the victim business's legitimate suppliers or service

providers. Often, the perpetrators will set up these spoof addresses with names of real individuals at legitimate businesses, with the names slightly misspelled. This allows the perpetrators to impersonate the victim business's suppliers or service providers. If the victim business mistakenly responds to one of these spoof emails believing it to be from an actual business associate, the perpetrators can fraudulently induce the victim business to transmit payment for what appears to be a legitimate invoice to a bank account that is in fact controlled by the perpetrators. Often, these bank accounts are held in the names of front companies and individuals to conceal the perpetrators' true identities.

<u>Romance Scams</u>

9.    Romance scams target people looking for romantic partners or friendship on dating websites and other social media platforms. The scammers typically create profiles using fake names, locations, images, and personas, allowing the scammers to cultivate relationships with prospective romance scam victims. Scammers often, but not always, target elderly victims, who may be particularly susceptible. Once the scammers develop a level of trust with a particular victim, the scammers will ask for money, explaining, for example, that they owe some type of debt or need urgent travel funds. The scammers will typically convince victims to provide money to the scammers or to conduct transactions on behalf of the scammers.

<u>Overview of the Scheme to Defraud</u>

10.    From at least as early as March of 2019 and continuing until the present, in the Northern District of California and elsewhere, the defendants, their co-conspirators, and others known and unknown to the grand jury, conspired to engage in a scheme to defraud, using business email compromise and romance scams to induce at least 20 victims into making payments into bank accounts controlled by members of the conspiracy. The victims of these schemes were located in the Northern District of California and throughout the United States, including elsewhere in California, as well as in the states of Nevada, Minnesota, Wisconsin, Texas, Florida, Ohio, and North Carolina, among others. Other victims were located internationally, including in Australia, Canada, Spain, Norway, Germany, and Austria, among other countries.

///

///

INDICTMENT                                3

1    <u>Manner and Means of the Conspiracy</u>

2    11.    The manner and means used to accomplish the conspiracy included the following:

3    *Business Email Compromises*

4    12.    It was a part of the conspiracy that, from at least as early as March of 2019 and

5    continuing until the present, the defendants and their unindicted co-conspirators, known and unknown to

6    the grand jury, coordinated to steal money from the bank accounts of persons and entities located

7    throughout the United States and overseas through various business email compromises.

8    13.    It was further a part of the conspiracy that the defendants and their unindicted co-

9    conspirators, known and unknown to the grand jury, carried out these fraudulent schemes by

10    compromising legitimate email addresses of victim businesses through social engineering or computer

11    intrusion.

12    14.    It was further a part of the conspiracy that the defendants and their unindicted co-

13    conspirators, known and unknown to the grand jury, used spoofed email addresses to send victim

14    businesses or their legal representatives emails that purported to be from the victim businesses'

15    legitimate service providers or suppliers.  These spoofed emails instructed the victim businesses to remit

16    certain payments for what appeared to be legitimate invoices to bank accounts (the "fraudulent

17    accounts") that were, unbeknownst to the victim businesses, created and controlled by the defendants,

18    their unindicted co-conspirators, and others known and unknown to the grand jury.  These fraudulent

19    accounts were often held in the names of companies set up by the defendants and their unindicted co-

20    conspirators, known and unknown to the grand jury.  These companies typically did not have any

21    legitimate business activities.  The companies included, but were not limited, to Clark Cooling and

22    Heating Services Inc., FedComp Services Inc., Kings Cooling and Heating Services LLC, Joe Cooling

23    and Heating Doctor LLC, and Leading Edge Plumbing.  The defendants and their unindicted co-

24    conspirators, known and unknown to the grand jury, typically opened these fraudulent accounts using

25    false identities and stolen identification information.  They then used these fraudulent accounts to

26    receive the victim businesses' funds, launder them, and redistribute them amongst the members of the

27    conspiracy.

28    15.    Often the fraud was only discovered when the victim received notification from the real

INDICTMENT                                          4

1    service provider or supplier that their payment had not been received. By that time, the defendants and

2    their unindicted co-conspirators, known and unknown to the grand jury, had typically transferred the

3    funds or a portion of the funds to other bank accounts held in the names of fake companies or

4    individuals, or sometimes in the names of the defendants themselves.

5        16.    For example:

6            a.    Victim D.R. is a real estate company headquartered in the Northern District of

7    California. In December of 2019, the defendants and their unindicted co-conspirators, known and

8    unknown to the grand jury, sent a spoofed email to employees at Victim D.R. posing as one of Victim

9    D.R.'s legitimate service providers and requested payment for an invoice. As a result, on or about

10   December 5, 2019, an employee of Victim D.R electronically transferred $922,445.34 to a fraudulent

11   account held in the name of Clark Cooling and Heating Services Inc., believing that the money was

12   being sent to one of Victim D.R.'s legitimate service providers.

13           b.    On or about January 7, 2020, Victim D.R. learned from its legitimate service

14   provider, another real estate company, that it had not received payment from Victim D.R. for its invoice

15   of $922,445.34. Victim D.R. alerted its bank that it had been defrauded. By that time, a portion of

16   Victim D.R.'s funds had already been withdrawn in cash at a bank in Atlanta, Georgia, by a co-

17   conspirator. This same co-conspirator distributed another portion of the stolen funds by cashier's check

18   to an account held in the name of FedComp Services Inc., which in turn had been withdrawn in cash by

19   defendant Dennis JORDAN. Other portions of the funds had been distributed by Zelle to accounts

20   controlled by George ABOAGYE and others unindicted co-conspirators, known and unknown to the

21   grand jury. The remaining portion was recovered by Victim D.R.'s bank.

22                              *Romance Scams*

23       17.    It was further a part of the conspiracy that, from at least as early as March of 2019, the

24   defendants and other unindicted co-conspirators, known and unknown to the grand jury, used fake

25   profiles based on fictitious personas on online dating websites to cultivate supposed romantic

26   relationships, through emails and other electronic messages, with unsuspecting users of the websites to

27   gain the other users' trust and affection, in order to defraud those users out of money and property as

28   part of a romance scam.

INDICTMENT                              5

18.     It was further a part of the conspiracy that, after gaining the affection and trust of targeted users (herein "the victims"), the defendants and other unindicted co-conspirators, known and unknown to the grand jury, told the victims by email or other electronic messages elaborate false stories about urgent needs for money.  The victims then sent money through interstate wires, electronic transfers, United States mail, and common carriers to accounts controlled by the defendants and other co-conspirators, known and unknown to the grand jury.

a.     For example, in approximately August of 2021, Victim W.S., located in the state of Wisconsin, met a person using the fake name "Bella Quinn" on a dating website.  Quinn befriended Victim W.S. and eventually told Victim W.S. in emails/electronic communications that one of Quinn's relatives had passed away in Europe, leaving Quinn an inheritance in the form of 96 kilograms of gold bars.  However, Quinn told Victim W.S. that "she" did not have enough money to travel overseas to collect the inheritance and there were various legal issues that she needed to resolve before collecting her inheritance.  Quinn asked Victim W.S. for financial assistance to help.

b.     Victim W.S. agreed.  Quinn then instructed Victim W.S. to send payments for travel and other fees associated with the inheritance to her "Uncle George," in the state of Georgia, who would send Quinn the money.  As a result, between approximately June of 2022 and continuing until at least March of 2023, Victim W.S. mailed several checks to defendant George ABOAGYE totaling approximately $546,000.

c.     As another example, in approximately June of 2022, Victim G.B., located in the state of California, met a person using the fake name "Jennifer Anderson" on a dating website.  Anderson befriended Victim G.B., and eventually told Victim G.B. that Anderson had received an inheritance from her deceased father in Europe, in the form of gold and diamonds in a storage facility, but that she needed money to travel to Europe and resolve the outstanding storage fees and associated legal issues.  Anderson asked Victim G.B. for financial assistance to help.

d.     Victim G.B. agreed, and began sending Anderson money. Anderson typically instructed Victim G.B. to send payments to numerous individuals and businesses, either by electronic transfer to bank accounts, or via electronic payment applications such as Zelle or PayPal.  At one point, to continue the scheme to defraud, Anderson told Victim G.B. that she had arrived in Europe but had

INDICTMENT                                      6

1   fallen in an airport in Germany, and needed to be taken to a hospital in Frankfurt, at which point her

2   passport expired.  Accordingly, she needed additional funds to pay for medical expenses and to expedite

3   a new passport while she remained hospitalized.

4          e.       As a result, Victim G.B. wired approximately $55,000 to a bank account held in

5   the name of Joe Cooling and Heating Doctor LLC, which was controlled by ABOAGYE, among others.

6          19.      It was further a part of the conspiracy that once the victims transferred funds to the

7   identified bank accounts, the defendants and other co-conspirators, known and unknown to the grand

8   jury, withdrew and transferred the funds to other bank accounts under the defendants' control, often

9   held under different names.  Sometimes the defendants sent the funds overseas, through wire transfers.

10

11  COUNT ONE:          (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

12         20.      Paragraphs 1 through 19 of this Indictment are re-alleged and incorporated as if fully set

13  forth here.

14         21.      Beginning in or about March of 2019 and continuing until at least February of 2024, in

15  the Northern District of California and elsewhere, the defendants,

16                              GEORGE ABOAGYE,
                              a/k/a GEORGE CLARKE,
17                            a/k/a SAMUEL DUNNUCK,
                              a/k/a JORDAN FRAZIER,
18                            a/k/a PETER BROWN;
                              DENNIS JORDAN,
19                            a/k/a GEORGE SIKA OBENG,
                              a/k/a DENNIS DEJORDAN,
20                            a/k/a MIKE TAY,
                              a/k/a JAMES ADERA; and
21                            EMMANUEL AWUAH,
                              a/k/a EMMANUEL MCHIGHLEVELS,
22                            a/k/a GANI BAAKO,
                              a/k/a GEORGE CLARKE,
23

24  and others, known and unknown to the grand jury, did knowingly conspire to devise and intend to devise

25  a scheme and artifice to defraud as to a material matter and to obtain money and property by means of

26  materially false and fraudulent pretenses, representations, and promises, and by omission and

27  concealment of material facts, and, for the purpose of executing such scheme or artifice and attempting

28  to do so, did transmit, and cause to be transmitted, by means of wire communication in interstate and

INDICTMENT                          7

1  foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United

2  States Code, Section 1343.

3      All in violation of Title 18, United States Code, Section 1349.

4

5  <u>FORFEITURE ALLEGATION</u>:    (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

6      22.    The allegations contained in this Indictment are re-alleged and incorporated by reference

7  for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

8  Title 28, United States Code, Section 2461(c).

9      23.    Upon conviction for Count One as set forth in this Indictment, the defendants,

10

11
                    GEORGE ABOAGYE,
                   a/k/a GEORGE CLARKE,
                   a/k/a SAMUEL DUNNUCK,
12                 a/k/a JORDAN FRAZIER,
                    a/k/a PETER BROWN;
13                    DENNIS JORDAN,
                  a/k/a GEORGE SIKA OBENG,
14                 a/k/a DENNIS DEJORDAN,
                      a/k/a MIKE TAY,
15                 a/k/a JAMES ADERA; and
                     EMMANUEL AWUAH,
16             a/k/a EMMANUEL MCHIGHLEVELS,
                     a/k/a GANI BAAKO,
17                 a/k/a GEORGE CLARKE,

18  shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

19  Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived

20  from proceeds the defendant obtained directly and indirectly, as the result of those violations, including,

21  but not limited, to the following:

22      a)  Clarke Cooling and Heating
            i.    J.P. Morgan Chase (JPMC) Account 503825926
23          ii.   Truist Account 0005248696615
            iii.  Truist Account 1110008108203
24

25      b)  Aboagye/Jordan Frazier
            i.    PEFCU Member Account 0034712700
            ii.   PEFCU Checking Account 0034712700S0071
26          iii.  PEFCU Savings Account 0034712700S0072
            iv.   Prudential Account 136009185020
27          v.    Fidelity Account 2030950210713
            vi.   Wells Fargo Account 8310486975
28          vii.  2021 Mercedes Benz GLE SUV 4JGFD6BB3MA425076

INDICTMENT                                    8

c) Dennis Jordan/James Adera
   i. JPMC Account 5797 Leadingedge James Plumbing Inc
   ii. JPMC Account 519301896
   iii. Bank of America (BANA) Account 488073402260
   iv. Wells Fargo Account 2087155715
   v. BANA Savings Account 488033375926, 488073402260

d) Emmanuel Awuah Emmanuel McHighlevels
   i. Citibank Account 1554553568
   ii. Bank of America Account 466020052737
   iii. BANA Account466020052740
   iv. Discover Financial Services Account 7027968232
   v. Discover Financial Services Account 7028000429
   vi. JPMC Account 511673355
   vii. Santander Bank Account 85202075256
   viii. Santander Bank Account 8931386907
   ix. Santander Bank Account 9535333984
   x. Santander Bank Account 3571806654
   xi. Santander Bank Account 37500061769
   xii. Santander Bank Account 7678173016
   xiii. Santander Bank Account 8931386354

If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without

      difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

///

///

///

///

///

///

///

///

///

INDICTMENT                                    9

1  United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

2      All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code,

3  Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

4

5  DATED:  February 8, 2024                          A TRUE BILL.

6                                                    /s/ Foreperson of the Grand Jury

7
                                                     _____
8                                                    FOREPERSON

9  ISMAIL J. RAMSEY
   United States Attorney
10

11  /s/ S. Waqar Hasib
    _____
12  S. WAQAR HASIB
    KEVIN YEH
13  Assistant United States Attorneys

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                          10